IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| TYREEK DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 1:24-cv-783 (LMB/WBP) |
| | ) |
| A.J. WRIGHT, et al., | ) |
| | ) |
| Defendants. | ) |

ORDER

On May 9, 2024, pro se plaintiff Tyreek Davis ("plaintiff" or "Davis") filed a Complaint against defendants Officer A.J. Wright, Sgt. E. Brandolino, Det. Filoni, Officer McGrady, Det. Canty, and John Doe, in their individual and official capacities (collectively, "defendants"). See [Dkt. No. 1] ("Complaint" or "Compl."). Davis also filed a Motion for Leave to Proceed in forma pauperis. [Dkt. No. 2]. When a pro se litigant seeks to proceed in forma pauperis, the Court has an obligation to screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), which provides that the Court "shall dismiss" an action filed in forma pauperis "at any time if the court determines that" the action is "frivolous" or fails to state a claim. A frivolous complaint "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Although difficult to decipher given the Complaint's discursive and non-linear narrative form, and because, in parts, it is improperly formatted such that the text boxes used to enter information cut off portions of claims, statutes, and allegations, the Complaint appears to ask the Court to stop an ongoing criminal proceeding in state court that arose out of arrests of Davis and his wife, Tasha Licorish-Davis ("Licorish-Davis"), at the Tyson's Corner Mall in August 2024.[1]

---

[1] Obviously, that date must be a typographical error.

See Compl. at 6-7. The Complaint enumerates a grab bag of federal statutory and constitutional causes of action without explaining how the facts alleged relate to any applicable legal standards.[2]

Even after construing the allegations generously in favor of Davis, who is proceeding pro se, the Complaint ultimately suffers from five fatal flaws. First, the Complaint plainly fails to comply with Fed. R. Civ. P. 8, which requires a short and plain statement of the grounds for this Court's jurisdiction and the plaintiff's claims for relief. Second, the allegations in the Complaint state in conclusory fashion that defendants have violated several dozen federal statutory and constitutional provisions without explanation, including many criminal statutes for which there is no private right of action. See, e.g., Compl. at 4-5; see also Heyns v. U.S. Bank Nat'l Ass'n, 2020 WL 2551796, at *4 (E.D. Va. Feb. 25, 2020) ("[U]nless there is clear Congressional intent to provide a civil remedy, a plaintiff cannot recover civil damages for an alleged violation of a criminal statute.") (quoting Tribble v. Reedy, 888 F.2d 1387 (4th Cir. 1989)). Third, the Complaint includes a document titled "Criminal Complaint," see Compl. at 15, which a pro se civil litigant like Davis may not file. Fourth, the Complaint seeks damages in the amount of $9,300,000, as well as a "stay of the proceeding and preliminary injunct[ion]" which vaguely references an ongoing criminal matter in Virginia state court. See Compl. at 6. Such a high damages request, untethered to concrete factual allegations supporting it, supports the conclusion

---

[2] The purported causes of action alleged in the Complaint include: bribery, government corruption, conspiracy, illegal search and seizure, false arrest, malicious prosecution, unlawful detainment, totalitarianism, RICO, unlawful surveillance, coercion, falsifying police report, abuse of authority, fraud upon the court, unlawful conduct, and violations of the Second, Fourth, Fifth, Sixth, Eighth, Ninth, Tenth, Thirteenth, and Fourteenth Amendments to the United States Constitution. See Compl. at 4-5.

that the Complaint is frivolous. Moreover, in keeping with principles of comity and federalism, a federal court must not unnecessarily interfere with an ongoing state criminal proceeding.

Lastly, the Complaint puts forward allegations on behalf of Davis's wife, Licorish-Davis, referred to in the Complaint as "plaintiff 2," see, e.g., Compl. at 7-9; however, Licorish-Davis did not sign the Complaint and did not file a Motion for Leave to Proceed in forma pauperis, and as such, Davis—who is not an attorney and is proceeding pro se—may not represent her in this civil action.

For these reasons, it is hereby

ORDERED that the Complaint, [Dkt. No. 1], be and is DISMISSED WITHOUT PREJUDICE; and it is further

ORDERED that Davis's Motion for Leave to Proceed in forma pauperis, [Dkt. No. 2], be and is DENIED AS MOOT.

To appeal this decision, plaintiff must file a written notice of appeal with the Clerk of the Court within thirty (30) days of the date of entry of this Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the Order plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the United States Court of Appeals for the Fourth Circuit. Failure to file a timely notice of appeal waives plaintiff's right to appeal this decision.

The Clerk is directed to forward copies of this Order to plaintiff Tyreek Davis, pro se, at 99 Wall Street, Suite 1513, New York, NY 10005, and close this civil action.

Entered this 17th day of June, 2024.

Alexandria, Virginia

/s/ 
Leonie M. Brinkema
United States District Judge

3